Filed 10/27/20  P. v. Trejo CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>REGGIE TREJO,<br><br>    Defendant and Appellant. | H047455<br>(Santa Clara County<br>Super. Ct. No. C1775002) |

Defendant Reggie Trejo[1] pleaded no contest to four counts of forcible lewd acts (Pen. Code, § 288, former subd. (b)(1)).[2]  The trial court sentenced defendant to 32 years in prison.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the case and facts but raises no issue.  We notified defendant of his right to submit written argument on his own behalf within 30 days.  That period has elapsed, and we have received no response from defendant.

Pursuant to *Wende, supra,* 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*), we have reviewed the entire record.  Following the California Supreme Court's direction in *Kelly, supra,* at page 110, we provide a brief description of the facts and the procedural history of the case.

---

[1] Defendant stated on the record in the trial court that his first name is Reginaldo.

[2] All further statutory references are to the Penal Code.

# BACKGROUND

Defendant is 20 years older than his niece. When his niece was eight or nine years old, defendant put a pillow over her face, placed his mouth on her vagina, and inserted his fingers in her vagina. Defendant told her not to tell anyone, that no one would believe her, and that he was "the boss." The niece felt she had to obey him because he was older. On subsequent occasions, when he engaged in similar conduct with his mouth and fingers, he also masturbated and ejaculated on her stomach. These incidents occurred on more than three occasions.

When the niece was around 10 to 12 years old, the incidents occurred at least once or twice a week for at least three weeks. Defendant also tried to make her touch his penis, but she would pull away. When the niece was around 13 years old, defendant inserted his penis "[a] little bit" into her vagina. After another relative came home, defendant hurriedly put on his pants and left the room. The niece reported defendant's conduct to the police when she was in her thirties.

## A. *Charges and Pleas*

On October 18, 2018, defendant was charged by information with five counts of aggravated sexual assault of a child under 14 years of age and 10 or more years younger than defendant (former § 269; counts 1 – 5). The offenses allegedly occurred between 1994 and 1998.

On July 10, 2019, defendant filed a motion for a continuance of the action, which was set on the "master trial calendar" for July 22, 2019. The prosecutor filed opposition. The trial court denied the motion.

On July 23, 2019, defendant requested that his attorney be discharged. The trial court held a *Marsden* hearing.[3] After hearing from defendant and his attorney, the court denied the motion.

---

[3] *People v. Marsden* (1970) 2 Cal.3d 118.

On July 23, 2019, on motion of the prosecutor, the information was amended to add four counts of forcible lewd acts on a child under the age of 14 (§ 288, former subd. (b)(1); counts 6 – 9), which allegedly occurred between 1994 and 1998. As to these counts, the information was also amended to add an allegation pursuant to section 803, subdivision (f), regarding the timely filing of the complaint. Defendant pleaded no contest to the four counts of forcible lewd acts (§ 288, former subd. (b)(1); counts 6 – 9) and admitted the allegation regarding the timely filing of the complaint (§ 803, subd. (f)). He entered his pleas and admission with the understanding that he would be sentenced to 32 years in prison and that the remaining counts would be dismissed at sentencing.

**B.** *Sentencing and Appeal*

The sentencing hearing was held on October 18, 2019. The court sentenced defendant to 32 years in prison. Defendant was granted 831 days of custody credits. The court ordered defendant to pay various fines and fees, and the court indicated that it had made an ability-to-pay determination. The court also ordered defendant to register as a sex offender (§ 290). The court issued a criminal protective order regarding the victim and retained jurisdiction for purposes of victim restitution. The remaining counts were dismissed.

Defendant filed a timely notice of appeal and we appointed counsel to represent him in this court.

## DISCUSSION

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## DISPOSITION

The judgment is affirmed.

3

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

DANNER, J.

*People v. Trejo*
**H047455**